OPINION
Defendant Bobby Lee Palmer appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of aggravated murder in violation of R.C. 2903.02, with a firearm specification. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN OVERRULING THE DEFENSE OBJECTION TO THE ADMISSION OF EXHIBITS 7D-7F WHEN THE PREJUDICIAL VALUE OUTWEIGHED THE PROBATIVE VALUE, THEREBY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
 ASSIGNMENT OF ERROR NO. 2
 THE PROSECUTOR'S MISCONDUCT IN CALLING THE CHILD WITNESS PREJUDICED THE APPELLANT SINCE THE TESTIMONY CONTAINED NO PROBATIVE VALUE AND ONLY SERVED TO INFLAME THE JURY IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN OVERRULING DEFENSE COUNSEL'S MOTION FOR RULE 29 ACQUITTAL IN VIOLATION OF THE APPELLANT'S FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. 4
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO PRIOR CALCULATION AND DESIGN.
 ASSIGNMENT OF ERROR NO. 5
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO OBJECT TO THE TESTIMONY OF BOBBY PALMER WHEN SAID TESTIMONY WAS ONLY USED TO INFLAME THE JURY.
The record indicates appellant shot Jill Frost in her home on January 18, 1997. Appellant had had a relationship with Jill Frost for over ten years, and they had two children together. The parties separated September of 1996. The record indicates Jill Frost had filed several police reports alleging appellant had threatened her life. The State called several witnesses, including appellant's sister and appellant's son to testify about death threats appellant made against Jill Frost's life.
 I
In his first assignment of error, appellant argues the court erred in admitting the State's Exhibits 7-D, E, and F into evidence. These exhibits are enlarged photographs taken of Jill Frost's body during her autopsy.
Appellant argues Exhibits 7-D, E, and F are more prejudicial than probative, and for this reason, pursuant to Evid.R. 403(A), the court should have excluded the evidence. The trial court did not admit all the State's photographs.
Appellant concedes the inclusion or exclusion of relevant evidence rests within the sound discretion of the trial court, seeState v. Sage (1987), 31 Ohio St.3d 173. This court may not reverse a discretionary ruling unless we find the trial court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is ". . . unreasonable, arbitrary or unconscionable . . . ." State v. Adams
(1980), 62 Ohio St.2d 151 at 157.
In State v. Maurer (1984), 15 Ohio St.3d 239, the Supreme Court held the probative value of any photograph admitted must outweigh the danger of prejudice to the defendant, and must not be repetitive or cumulative.
This court has reviewed the photographs in question. The State carried the burden to prove the nature, extent, and cause of Jill Frost's injury. We find the photographs are gruesome because the murder they depict was gruesome, but the pictures' probative value substantially outweighs their prejudicial value.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the State committed misconduct when it called appellant's nine year old son to testify against his father regarding his mother's murder. Appellant argues the child's testimony has no probative value, and the purpose of putting the child on the witness stand was solely to inflame the jury. Appellant concedes he did not object, and so we must weigh this assignment of error under the Plain Error Doctrine.
Pursuant to Crim.R. 52(B) this court may take notice of plain error or defects which affect the substantial rights of the defendant even though the matter was not brought to the attention of the trial court. The Supreme Court has instructed us to use utmost caution in applying the Plain Error Doctrine, and to take notice of plain error only if the alleged error was outcome-determinative, State v. D'Ambrosio (1993),67 Ohio St.3d 185. In other words, plain error should not be found unless a we can say that, but for the error the outcome of the trial would clearly have been otherwise, see Statev. Biros (1997), 78 Ohio St.3d 426.
Prior to permitting the child to testify, the trial court conducted a competency voir dire. The court ruled the child was competent to testify, and the child testified about appellant's relationship with his mother as well as the events of January 19.
We find appellant has not demonstrated error here, plain or otherwise. Accordingly, the second assignment of error is overruled.
 III
At the close of the State's case, appellant moved the court for an acquittal pursuant to Crim.R. 29. Appellant asserted there was insufficient evidence at trial showing he murdered Jill Frost with prior calculation and design. A motion for acquittal requires the court to view the evidence most favorably to the prosecution, and to determine whether reasonable minds could reach different conclusions regarding whether each material element of the crime has been proved beyond a reasonable doubt, see State v.Bridgeman (1978), 55 Ohio St.2d 261.
The State cites us to State v. Thompkins (1997), 78 Ohio St.3d 380, wherein the Ohio Supreme Court explained the difference between the legal concept of sufficiency of the evidence and weight of the evidence. The Thompkins court found sufficiency is the legal standard which is applied by the trial court to determine whether to submit the matter the jury. The question of sufficiency is a question of adequacy of the evidence, seeThompkins at 387.
Our review of the record leads us to conclude reasonable minds could differ on the issue of whether the State had proven beyond a reasonable doubt that appellant acted with prior calculation and design. We find the evidence presented was legally sufficient to entitle the trial court to submit the matter to the jury for final determination.
The third assignment of error is overruled.
 IV
In his next assignment of error, appellant urges the verdict was against the manifest weight of the evidence regarding the element of prior calculation and design. In Thompkins, supra, the Ohio Supreme Court opined the weight of the evidence concerns the amount of the credible evidence offered in support of one side of the issue rather than the other. We have reviewed the record, and we find the jury's verdict is supported by the weight of the evidence.
The fourth assignment of error is overruled.
 V
In his final assignment of error, appellant argues he was denied the effective assistance of counsel when defense counsel failed to object to the testimony of appellant's son.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong standard to be applied to claims of ineffective assistance of counsel. Pursuant toStrickland, supra, the accused must show counsel's performance was so deficient counsel was not functioning as counsel guaranteed by the Sixth Amendment. In order to prevail, however, the accused must also show counsel's deficient performance actually prejudiced his ability to receive a fair and reliable trial. Ohio uses the Strickland test, see State v. Bradley
(1989), 42 Ohio St.3d 136.
Because we find, II, supra, it was not error for the court to admit the child's testimony, it follows counsel was not at fault for failing to object. Accordingly, we find appellant was not denied his Sixth Amendment right to counsel.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., and Wise, J., concur.
Hoffman J., concurs separately.